# Waldron, Appellant, *v.* Andrews.

*Appeals—Assignments of error—Evidence—Nonsuit.*

1. Where the only assignment of error is the refusal to take off a nonsuit, the appellate court will not review a ruling of the trial court rejecting an offer of evidence, such evidence being in no way shown.

*Evidence—Opinion of expert—Physicians of different schools.*

2. It seems that a trial judge cannot be convicted of error in refusing to permit a physician to express an opinion on the propriety of treatment given by a doctor of another school, which the witness confessed he was not qualified to do.

Argued April 26, 1921. Appeal, No. 232, Jan. T., 1921, by plaintiff, from order of C. P. Erie Co., Sept. T., 1918, No. 257, refusing to take off nonsuit, in case of H. Leon Waldron v. W. K. Andrews. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for medical malpractice. Before ROSSITER, J.

The opinion of the Supreme Court states the case.

The court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was refusal of motion to take off nonsuit, quoting motion and reasons but not judgment of court.

*J. O. Wait,* of *Reed, Wait & Spofford,* for appellant.

*P. V. Gifford,* of *Gunnison, Fish, Gifford & Chapin,* for appellee.

PER CURIAM, May 26, 1921:

Only one point is presented by this appeal, and that is, Did the court below err in refusing to remove a nonsuit, entered for want of evidence to show that defendant had failed to treat a physical injury, received by plaintiff, with the diligence and skill required of one practicing as a physician? Appellant contends that, if certain evidence offered by him, and excluded by the court below, had been received, there would have been no lack of proofs. The witness in question was an osteopathic physician; but the point of the right or competency of a proficient osteopath to testify as an expert, under proper circumstances, is not before us, since it is not raised on this record. In the first place, there is only one assignment of error, which goes to the refusal to remove the nonsuit and not to the refusal of evidence, the testimony tendered being in no way shown. This is sufficient to call for the judgment we are about to enter; but it appears, when the record is examined, that the testimony not received represents an offer to have plaintiff's witness express an opinion on the propriety of treatment given by a doctor of another school, which the witness confessed, very properly, he was not qualified to do.

The judgment is affirmed.